IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY KONRATH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9539 |
| | ) | |
| **MICHAEL "MIGUEL" RUIZ**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Gregory Konrath ("Konrath") has filed a pro se action against Chicago lawyer Miguel Ruiz ("Ruiz"), charging him with legal malpractice "for events that happened in Illinois and Indiana from 2007 to 2011." From the Complaint's explanation that Ruiz was retained by Konrath and his wife Ana "to give them legal advice and represent them pro bono for a dispute that they had with their homeowners' association at 2717 North Lehmann Ct., Chicago, IL 60014, from 2007 to 2011,"[1] and from the more detailed description that follows, it is clear that the services Ruiz rendered -- or as Konrath would have it, did not render -- were Illinois-based.

Although Konrath's first paragraph refers to 42 U.S.C. § 1983 ("Section 1983") as well as to diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332, there is clearly no predicate for invoking Section 1983 -- instead diversity jurisdiction is clearly present because (1) the Konrath couple is identified as sharing Indiana citizenship, while Ruiz is an Illinois citizen, and (2) Konrath's statement that the amount in controversy exceeds $75,000 may reasonably be

_____

[1] According to the Complaint:

> The plaintiff and his wife lived in Indiana, and used their townhouse on the weekends. They would let family and friends use the townhouse when they were not there.

viewed as plausible. But Konrath is obviously unaware of the now-two-decade-old amendment to the limitations period applicable to lawyer malpractice actions, embodied in 735 ILCS 5/13-214.3(b):

> An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought.

In short, Konrath's preparation for filing his Complaint, which preparation manifested itself by his references to the Twombly doctrine and to our Court of Appeals decision in Swanson v. Citibank, N.A., 614 F.3d 400 (7th Cir. 2010), failed to carry his legal research to the point of checking on the timeliness (more accurately, the untimeliness) of this action. Accordingly both the Complaint and this action are dismissed.[2] Hence Konrath's Prisoner Petition To Proceed In Forma Pauperis [Dkt. No. 3] is denied as moot.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 11, 2016

---

[2] This Court of course recognizes that limitations are an affirmative defense, so that in most circumstances it would await the filing of a motion to dismiss on limitations grounds. But in this instance, both because Ruiz is a lawyer and because the Complaint alleges that Ruiz has "developed a romantic interest with the plaintiff's wife" and that "[t]hey are together now," there clearly appears to be no prospect that Ruiz would permit this time-barred action to proceed without filing a successful motion for its dismissal.